UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERIC HEDGEPETH, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL HEALTH, <br><br> Defendant. | Civil Action No. 23-3620 (RK) (RLS) <br><br> **MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Plaintiff Eric Hedgepeth's ("Plaintiff") application to proceed *in forma pauperis*, (ECF No. 1-2), together with his Complaint against Defendant Capital Health, (ECF No. 1). Also pending is Plaintiff's "Motion for $50,000." (ECF No. 5.) For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **DENIED**, Plaintiff's Complaint is **DISMISSED** without prejudice, and Plaintiff's Motion for $50,000 is **DENIED**. Plaintiff will have thirty (30) days to file an amended complaint with a renewed application to proceed *in forma pauperis*.

**I.     BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed his Complaint on July 5, 2023. ("Compl.," ECF No. 1.) The Complaint stems from the alleged death of Plaintiff's mother on September 10, 2019 at Defendant Capital Health, a hospital in Trenton, New Jersey. (Compl. at 2–3.) The Complaint's description of the relevant events reads in full:

> On Sept 10 2019 my Mom was rushed to Capital Health where she was being treated. My sister told them if her heart stop, let her go. She wasn't the person in charge to say that, and they stop working on her. The rest of the family wasn't there to contest it. She wasn't the power of the attorney. When I got there I lost my best friend my mom. The hospital could have put her on life support till we got there.

(Compl. at 3.)[1] In short, Plaintiff appears to be suing the hospital for stopping efforts to keep his mother alive, following the instructions of Plaintiff's sister, whom Plaintiff alleges lacked this authority. Plaintiff's alleged injuries are that he "couldn't sleep"; "had to take medication"; "couldn't work for 1 year ½"; and "couldn't stand to be alone." (Compl. at 4.) Plaintiff seeks $50,000 in monetary compensation. (Compl. at 4.) On the Complaint form, Plaintiff checked the box for "U.S. Government Plaintiff" as the basis for jurisdiction. (Compl. at 2.) On the civil cover sheet under "nature of suit," Plaintiff checked the box for "Personal Injury – Medical Malpractice." (ECF No. 1-1.)

Plaintiff also filed an application to proceed *in forma pauperis* ("IFP"). (ECF No. 1-2.) However, apart from a signature, the date, and a few additional answers, Plaintiff did not fill out any box. (*Id.* at 1–5.) Plaintiff circled the $0.00 amount at the top of the first page and drew arrows from the top of each column to the bottom. (*Id.*) At the bottom, Plaintiff writes that he is "on a fix income social security." (*Id.* at 5.)

On the same day he filed his Complaint, Plaintiff also filed a "Motion for $50,000." (ECF No. 5.) As the document title suggests, the two-paged form motion states simply and straightforwardly that Plaintiff moves "for an Order 50,000 [sic]." (*Id.*)

---

[1] To make reading Plaintiff's allegations more convenient, the Court has added capitalization and punctuation to the language from the Complaint.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed IFP and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), Section 1915(e) empowers the District Court to dismiss an IFP complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an IFP application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

## III. DISCUSSION

### A. *In Forma Pauperis* Application

The IFP statute requires a plaintiff to submit "an affidavit stating all income and assets" and "the plaintiff's inability to pay the filing fee." *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (citing § 1915(a) and *Glenn v. Hayman*, No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007)). In the IFP application, the plaintiff "must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty."

3

*Gross v. Cormack*, No. 13-4152, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (citing *Simon v. Mercer Cnty. Comm. College*, No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011)).

The Court finds that Plaintiff's IFP application does not offer sufficient information to enable the Court to perform the screening that Section 1915(a) requires. Plaintiff did not fill out any of the boxes on the IFP form. Plaintiff lists that he has no cash, no bank accounts, no assets, no income, and no expenses. (ECF No. 1-2 at 1–5.) Plaintiff has failed to describe his work history or otherwise indicate that he has not been employed. (*Id.* at 3.) Plaintiff also does not explain how he subsists without paying any expenses. (*Id.* at 3.) Plaintiff claims to have no income at one point, (*id.* at 2), but at the end of the application states he receives a "fix[ed] income" from Social Security, (*id.* at 5), without indicating the amount of income he receives. Because Plaintiff has not made a good faith effort to fill out the IFP application, the Court denies Plaintiff's the application without prejudice with leave to refile a corrected form within thirty (30) days.

B.   **Complaint Screening**

Even if the Court denies the IFP application, the Court still has discretion to review the merits of an IFP complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court may also review a complaint for *sua sponte* dismissal based on lack of subject matter jurisdiction. *See Muchler v. Greenwald*, 624 F. App'x 794, 797 (3d Cir. 2015) (affirming District Court's dismissal of IFP complaint that "failed to state a claim upon which relief could be granted because neither the complaint nor the amended complaint asserted a claim over which the District Court had jurisdiction"); *see also See* Fed. R. Civ. P. 12(h)(3) ("If the court

determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court notes that this is not the first lawsuit Plaintiff has brought against a hospital related to his mother's death. On June 21, 2023, the Honorable Georgette Castner denied this Plaintiff's IFP application in a separately-filed federal suit and dismissed his complaint after screening. *See Hedgepeth v. Helen Fuld Hosp.*, No. 22-6029, 2023 WL 4108510 (D.N.J. June 21, 2023). There, Plaintiff sued Helen Fuld Hospital based on an identical set of facts: Plaintiff's mother was taken to the hospital, and before Plaintiff could arrive at the hospital, Plaintiff's sister ordered the hospital to stop treating Plaintiff's mother and permit her to expire. *Id.* at *1. Plaintiff sued for common-law wrongful death, sought one million dollars in compensation, and invoked the Court's diversity jurisdiction for his suit. *Id.* at *2. In dismissing the complaint without prejudice for lack of subject matter jurisdiction, Judge Castner noted that Plaintiff and the defendant did not appear to be diverse parties, and that a common-law wrongful death claim could not create federal question jurisdiction. *Id.* at *2.

Plaintiff's Complaint in the case at bar suffers the same defects. Taking the facts Plaintiff alleges as true, the Court lacks subject matter jurisdiction over the claim. The Complaint's sole claimed basis for jurisdiction is a "U.S. Government Plaintiff." (Compl. at 2.) Obviously, Plaintiff is not the federal government. Defendant, apparently a "New Jersey regional, non-profit health system," *Cap. Health Sys., Inc. v. Veznedaroglu*, No. 15-8288, 2017 WL 751855, at *1 (D.N.J. Feb. 27, 2017), likewise does not appear to be a U.S. Government entity.

Although Plaintiff does not invoke the Court's diversity jurisdiction, it is in any event unavailable here. Plaintiff bears the burden of establishing the parties' diversity of citizenship. *See*

*Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016). Complete diversity between Plaintiff and Defendant is required to establish jurisdiction pursuant to 28 U.S.C. § 1332. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (recognizing as well-established that Section 1332 "require[es] complete diversity between all plaintiffs and all defendants," which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant" (quotations omitted)). The Complaint states that both Plaintiff's and Defendant's States of citizenship are in New Jersey. (Compl. at 3.) Therefore, the Court cannot exercise diversity jurisdiction.

Finally, the sole cause of action Plaintiff alleges in his Complaint—"Personal Injury – Medical Malpractice," (ECF No. 1-1)—does not create federal question jurisdiction. *See Malarik v. Dinunno Enters.*, 157 F. App'x 536, 537 (3d Cir. 2005) (affirming order dismissing complaint, as "no federal question is presented by a personal injury lawsuit that alleges only common law torts against a private party").

Because the Court appears to lack subject matter jurisdiction, the Complaint is dismissed without prejudice. Plaintiff may file an amended complaint and IFP application within thirty (30) days correcting the defects identified in this Opinion.

C.     **Motion for $50,000**

Also pending before the Court is Plaintiff's Motion for $50,000, filed the same day as Plaintiff's Complaint. (ECF No. 5.) Plaintiff's Motion does not seek relief apart from the compensation he ultimately seeks through his suit, *i.e.* $50,000. (Compl. at 4.) The one-page Motion does not present any independent basis for the Court to grant immediate relief. (ECF No. 5.) As a *pro se* litigant, Plaintiff may have mistakenly believed that a separate motion was required to state the relief he sought. In any event, the Motion is improper because it fails to "state with

particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Assuming Plaintiff files an amended complaint that establishes subject matter jurisdiction, no separate motion seeking monetary relief is necessary to preserve Plaintiff's request for relief.

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint is **DISMISSED** without prejudice; Plaintiff's application to proceed *in forma pauperis* is **DENIED**; and Plaintiff's Motion for $50,000 is **DENIED**. Within thirty days, Plaintiff may file an amended complaint that fixes the errors identified in this Opinion and submit a new application to proceed *in forma pauperis*. An appropriate Order will accompany this Opinion.

                                                                    _____
                                                                    **ROBERT KIRSCH**
                                                                    **UNITED STATES DISTRICT JUDGE**

Dated: October 10, 2023